IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVIN PRINCE JONES, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-97-038 |
| § | CIVIL ACTION NO. H-06-2599 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND RECOMMENDATION
DENYING PETITIONER'S § 2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

Before the Magistrate Judge in this proceeding under 28 U.S.C. § 2255, is Petitioner Alvin Prince Jones' 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 142).  Having reviewed the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the United States' Response, the record of the proceedings before the District Court, the parties' submissions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Petitioner's § 2255 Motion be DENIED and that this § 2255 proceeding be DISMISSED with prejudice.

**I.    Procedural History**

Movant Alvin Prince Jones ("Jones"), who is currently in the custody of the United States Bureau of Prisons, is seeking compassionate release from custody pursuant to 28 U.S.C. § 2255.  The United States, in response, argues that Jones' § 2255 motion is successive, and that the compassionate release sought by Jones is not available under § 2255.

On May 5, 1997, Jones was charged by superseding indictment with aiding and abetting theft of government property (count one), receiving, concealing or retaining stolen property (count two), and aiding and abetting the possession of a stolen firearm (count three). (Document No. 32). On May 8, 1997, Jones pled guilty to all counts alleged in the superseding indictment without the benefit of a plea agreement. (Document Nos. 36, 50). The Government informed the Court at Jones' Rearraignment that it had alleged counts one and two in the alternative and would, at sentencing, dismiss count two. (Document No. 50 at 13-14). Following Jones' guilty plea, a presentence investigation report was prepared, to which Jones filed Objections (Document No. 61). On August 1, 1997, the Court sentenced Jones to 120 months confinement on count one and 30 months confinement on count three, with the terms of imprisonment to run consecutive, to be followed by a three year term of supervised release, and restitution in the amount of $10,776.16. (Document No. 76). Judgment was entered on August 12, 1997. (Document No. 86).

Jones appealed his conviction to the Fifth Circuit Court of Appeals, which affirmed the conviction without comment on November 6, 1998. (Document No. 108). Over six years later, on March 29, 2005, Jones filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence, arguing therein that his sentence had been unconstitutionally determined (Document No. 132). The Court dismissed that motion on April 4, 2005, finding that *United States v. Booker*, 125 S.Ct. 738 (2005) did not apply retroactively to cases on collateral review. (Document No. 134). Jones then filed two letters seeking a compassionate release from custody (Document Nos. 136 & 140), and a second § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 142). The Government has filed a response to that second § 2255 Motion (Document No. 146). This § 2255 proceeding is now ripe for ruling.

**II.     Issue Presented**

Jones seeks, in his § 2255 Motion, compassionate release from custody, citing his terminal illness and the substantial time he has already served on his sentence. Jones claims in this § 2255 proceeding that he has met all the legal requirements under 18 U.S.C. § 3582(c) for release, and that the Bureau of Prisons has abused its discretion in denying his administrative request for compassionate release.

In its Response to Jones' § 2255 Motion, the Government argues that Jones' § 2255 motion is a successive § 2255 motion for which Jones has not received permission to file. In addition and in the alternative, the Government argues that compassionate release is not an available remedy under § 2255. Finally, the Government argues that compassionate release is only available under 18 U.S.C. § 3582(c) if the Director of the Bureau of Prisons has filed a motion for such release, and no such motion has been filed herein.

**III.    Discussion**

The Court is without authority to grant Jones' request for compassionate release, whether that request is considered under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c)  Under 28 U.S.C. § 2255, Jones' request for compassionate release cannot be granted because the instant § 2255 motion is successive and, even if it were not, § 2255 does not provide the type of relief sought by Jones. In addition, relief is not available to Jones under 28 U.S.C. § 2241 because this Court does not have jurisdiction over Jones' claim under § 2241. Finally, compassionate release is not available to Jones under 18 U.S.C. § 3582(c) because the Director of the Bureau of Prisons has not filed a motion to modify Jones' sentence.

The record shows that prior to the filing of the instant § 2255 motion Jones filed his initial § 2255 Motion to Vacate, Set Aside or Correct Sentence, in which he challenged the constitutionality of his sentence under *Booker*. The prior § 2255 motion was dismissed by the Court on April 4, 2005, and Jones did not appeal. Under 28 U.S.C. § 2255,

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Section 2244(b)(3)(A), in turn, provides, "*[b]efore* a second or successive application permitted by this section *is filed in the district court*, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where

movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

Here, there is nothing in the record to indicate that Jones sought and received the appropriate certification from the Fifth Circuit Court of Appeals prior to filing the instant § 2255 motion, or that since the filing of the motion he has obtained the necessary certification. As such, the Court is without jurisdiction to entertain this § 2255 proceeding.

Moreover, even if Jones' § 2255 motion were not successive,[1] the relief sought by Jones is not available under § 2255. 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitions under § 2255 are reserved for claims of constitutional or jurisdictional significance. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); *Limon-Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974). Relief under § 2255 is not available to correct trial errors which do not affect the validity of the conviction. *Capua*, 656 F.2d at 1037 ("Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if

---

[1] Jones' current § 2255 motion is arguably not successive. "[A] subsequent motion is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Here, Jones is not challenging the validity of his conviction and it cannot be determined from the record whether Jones could have made his request for compassionate release in his earlier filed § 2255 motion.

5

condoned, result in a complete miscarriage of justice") (citations omitted). Here, Jones is not challenging the validity of his conviction or the sentence he received. Rather, he is seeking, due to his terminal illness, early release from custody. Nothing in § 2255 or the case law applying § 2255 provides for such relief. Therefore, even if Jones' instant § 2255 motion were not successive, the relief Jones seeks is not available under § 2255.

As for 28 U.S.C. § 2241, no relief is available thereunder because Jones is not in custody in this District. While 28 U.S.C. § 2241 provides the means for inmates to challenge the manner in which their sentences are executed or served, *Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (Relief under § 2255 "is warranted for errors that occurred at trial or sentencing"), *cert. denied*, 534 U.S.1001 (2001)), proceedings pursuant to 28 U.S.C. § 2241 must be filed in the district in which the prisoner is incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition"). Here, Jones is in custody in Minnesota. Therefore, if any relief is available to Jones under § 2241, it must be sought by him in Minnesota, in the district in which he is incarcerated.[2]

Finally, as for 18 U.S.C. § 3582(c), which appears to be the controlling statutory provision because it specifically allows a court to consider and grant a request for compassionate release, no relief is available to Jones under § 3582(c) because Director of the Bureau of Prisons has not approved of and moved the Court to modify Jones' sentence. 18 U.S.C. § 3582(c) provides as follows:

---

[2] Jones did file a § 2255 motion in the District Court in Minnesota. That motion was dismissed because a § 2255 motion is to be filed with the court that imposed the sentence.

6

> c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> > (1) in any case–
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Although Jones contends that he has met all the statutory requirements for compassionate release and that the Director of the Bureau of Prisons abused its discretion in rejecting his request for early release, § 3582(c) *only* allows for the compassionate release of an offender if the Director of the Bureau of Prisons files a motion seeking a modification of the offender's sentence. *See United States v. Powell*, 69 Fed. Appx. 368 (9th Cir. 2003); *Pinkley v. Anderson*, ___ F.Supp.2d ___, 2006 W.L. 2671074 (D. Minn. 2006); *United States v. Myers*, 375 F.Supp.2d 1293, 1298 (D. N.M. 2005); *Morales v. United States*, 353 F.Supp.2d 204, 205 (D. Mass. 2005). No such motion has been made. In the absence of a such a motion by the Director of the Bureau of Prisons, the Court has no statutory authority to grant Jones' request for early release. *See Morales*, 353 F.Supp.2d at 205 ("A district

court has the authority to modify a valid sentence only if such authority is conferred by federal statute.")

As for Jones' complaints that the Director of the Bureau of Prisons abused its discretion in denying his request for compassionate release where there is clear evidence that he has a terminal illness with a life expectancy of less than one year, no court has found that it has jurisdiction to review a decision by the Director of the Bureau of Prisons declining to file a motion under § 3582(c). *See Fernandez v. United States*, 941 F.2d 1488, 1492-1493 (11th Cir. 1991) (finding that the district court was precluded from reviewing the Bureau of Prison's denial of an inmate's request for early release under 18 U.S.C. § 4205(g) (a predecessor to § 3582(c)); *Simmons v. Christensen*, 894 F.2d 1041, 1043 (9th Cir. 1989) (same); *Turner v. United States Parole Comm'n*, 810 F.2d 612 (7th Cir. 1987) (same); *but see Todd v. Federal Bureau of Prisons*, 31 Fed. Appx. 833 (5th Cir. 2002) (declining to decide whether a decision by the Director of the Bureau of Prisons not to file a § 3582(c)(1)(A) motion is reviewable). Moreover, even if the Director's decision were reviewable, there is no evidence in the record that the Director abused his discretion or that his decision was arbitrary and capricious. In the written decision denying Jones' request for a reduction in section under § 3582(c)(1)(A), Kathleen M. Kenney, Assistant Director/General Counsel for the Bureau of Prisons wrote:

> Please be advised that Alvin Prince Jones' request for a reduction in sentence (RIS) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied. We have carefully reviewed all of the documentation submitted with this request and have consulted with the Medical Director, Health Services Division.
>
> Mr. Jones, age 29, suffers from multi-drug resistant end-stage Acquired Immune deficiency Syndrome (AIDS) and is currently on hospice care in the in-patient hospital unit. He has experienced multiple falls and uses a wheelchair to get around. Current health problems include progressive multi-focal leukoencephalopathy (a

8

> virus that behaves like metastatic cancer) with multiple brain lesions. He is independent in his Activities of Daily Living (ADLs) and eats, bathes, and toilets himself, but does not take care of his own medication.
>
> While Mr. Jones' medical condition meets the medical criteria for a RIS, a RIS is not assured simply because an inmate is diagnosed with the life-threatening or terminal medical condition, or is severely and permanently mentally or physically debilitated. In addition to evaluating an inmate's medical condition, the totality of the circumstances and public safety concerns must be addressed.
>
> These are always difficult decisions to make. However, after careful review of the totality of the circumstances, we believe it is inappropriate to release Mr. Jones at this time based upon the significance of his current offense and his extensive criminal history, including violence. He will continue to receive appropriate and necessary medical care administered by professional medical staff. The denial of this request constitutes a final administrative decision. Please provide Mr. Jones with a copy of this decision.

*See* Document No. 140 at 4-5. The reasons cited for the denial of Jones' request for compassionate release have not been shown to fall outside of, or run contrary to, the regulations promulgated for the Director's consideration of requests by inmates for compassionate release. *See* 28 C.F.R. §§ 561.60 -561.64. Accordingly, it cannot be said that the Director abused his discretion in denying Jones' request for compassionate release.[3]

### IV.   Conclusion and Recommendation

Based on the foregoing and the conclusion that the relief sought by Petitioner is not available herein under § 2255 or § 2241, that a compassionate release is not available under § 3582(c) in the absence of a motion by the Director of the Bureau of Prisons for such release, and that there is no evidence that the Director of the Bureau of Prisons abused his discretion, the Magistrate Judge

---

[3] None of the cases cited by Jones involve a request for compassionate release, or the discretion of the Director of the Bureau of Prisons under § 3582(c) and 28 C.F.R. § 561.60 et seq.

RECOMMENDS that Petitioner Alvin Prince Jones' § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 142) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 29th day of September, 2006.

_____
Frances H. Stacy
United States Magistrate Judge